IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                                                         Case No. 11-20133-03-JWL

**Vickie A. Hall,**

      **Defendant,**

**and**

                                                                                                        Case No. 11-20133-04-JWL

**Heather A. Gibbs,**

      **Defendant.**

**<u>MEMORANDUM AND ORDER</u>**

      In December 2011, a federal grand jury returned an indictment charging David P. Drake, Donald D. Snider, Jr., Vickie A. Hall, Heather A. Gibbs, and James B. Clarkson with various counts of bank fraud and money laundering, including conspiracy to commit those offenses. In May 2015, defendant Hall and defendant Gibbs each executed a plea agreement in which they agreed to plead guilty to misprision of a felony and to restitution in the amount of $120,000. The district judge assigned to this case at the time entered judgment as to defendant Hall in October 2015. The judgment as to defendant Hall ordered restitution in the amount of $120,000 and identified a "total loss" to Columbian Bank and Trust Receivership ("CBT") of $120,000. The judgment indicates that restitution is "joint and several with any of the codefendants who are

ordered to pay restitution to this victim."[1]  In January 2017, the court entered judgment as to defendant Gibbs.  That judgment ordered restitution in the amount of $120,000 and identified a "total loss" to CBT of $120,000.  The judgment indicates that restitution is joint and several with defendant Hall in the amount of $120,000.  The judgment also indicates that defendant Gibbs' restitution obligation is joint and several with defendant James B. Clarkson.  Defendant Clarkson's restitution obligations reflected a "total amount" of $14,220,801.07 and a joint and several amount of $14,220,801.07.  The judgment as to defendant Clarkson identifies the "total loss" to CBT as $8,039,369.66 and he was ordered to pay restitution in that amount to CBT.  Other documents in the record, including the Presentence Investigation Report of defendant Clarkson, supports that the actual total loss to CBT was $8,039,369.66.

Recently, defendant Hall paid $120,000 in full to the Clerk of the Court. The Clerk's accounting system shows that defendant Hall is due a refund of $9,563.38 as a result of payments made by other defendants in the case.  Defendant Gibbs has paid $8,738.34 towards her liability of $120,000; the Clerk's accounting system reflects that her restitution obligation to CBT has been satisfied.  The government has filed a motion to "clarify joint and several liability for restitution" (doc. 343) seeking an order finding that defendant Hall is not entitled to a refund and that defendant Gibbs's liability will not be satisfied until she pays an additional $111,361.66 or when CBT is fully compensated for its $8,039,369.66 loss, whichever occurs first.  As will be explained, the motion is denied.

---

[1] Defendant Hall was the first defendant to be sentenced.

The government's motion is based on the Tenth Circuit's opinion in *United States v. Salti*, 59 F.4th 1050 (10th Cir. 2023). In that case, the defendant was ordered to pay $35,000 in restitution. The restitution provision specified that the defendant was liable for the restitution jointly and severally with his co-defendant Towner and, significantly, the judgment stated that the "total loss to the victim was $72,000." *Id*. at 1053. As explained by the Circuit,

> [t]he import of the restitution orders in the judgments of conviction of Defendant and Mr. Towner is, for the most part, clear and unchallenged. Both found that the victim's loss was $72,000. Both declared that the liability of each defendant was joint and several with that of the other defendant. Mr. Towner's judgment states that his restitution liability is $72,000. Defendant's judgment states that his restitution liability is limited to $35,000. The only issue is when payments by Mr. Towner should be credited toward Defendant's liability. Or, to state the issue from a different perspective, when, if ever, is Defendant's restitution liability satisfied even though he has not paid the full $35,000.

*Id*. at 1055-56. Ultimately, the Circuit affirmed the district court's holding that the defendant had to continue to pay restitution until either (1) he paid the full $35,000 or (2) the victim received the full amount of its loss, $72,000. *Id*. at 1056.

An application of *Salti* to the facts presented here results in a finding that defendant Hall is entitled to the refund reflected by the Clerk's accounting system and that defendant Gibbs's liability is satisfied. The restitution orders in the judgments of conviction for both defendant Hall and defendant Gibbs states that CBT's total loss is $120,000.[2] The record reflects that CBT has received that amount. The government asks the court to accept that the "total loss" to CBT for purposes of *Salti* is the $8 million amount reflected in other parts of the record. But the government has come forward with no authority from which the court might analyze whether it

---

[2] The government never objected to or moved to correct the total loss amount in the judgments of conviction for defendant Hall or defendant Gibbs.

3

can amend or correct the judgments against defendants Hall and Gibbs to reflect a total loss amount of $8 million. Certainly, the court cannot substantively alter a criminal sentence under the guise of a "motion to clarify" or Rule 36. And perhaps the government could persuade the court that the correction it seeks is not a substantive alteration but merely a correction as contemplated by Rule 36. Regardless, the government, in its motion, has not marshaled its argument in a way that permits the court to resolve this issue in its favor. The motion, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's motion to clarify joint and several liability for restitution (doc. 343) is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of July, 2025, at Kansas City, Kansas.

                                              s/John W. Lungstrum
                                             HON. JOHN W. LUNGSTRUM
                                             United States District Judge